IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICHARD A RODAK,

       Petitioner,

v.                                  CASE NO. 4:12-cv-393-RV-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Respondent filed a Motion to

Dismiss and an appendix with relevant portions of the state-court record (hereafter

"Exh."). Doc. 9. Petitioner filed a reply in opposition to the motion to dismiss. Doc. 12.

Upon due consideration of the Motion, the Reply, and the state-court record, the

undersigned recommends that the Motion to dismiss be granted.[1]

## Summary of State Court Proceedings

Petitioner was charged in Leon County with one count of trafficking in

hydrocodone and one count of sale of Xanax. Exh. B. Petitioner pleaded no contest

and, pursuant to a negotiated plea agreement, was adjudicated guilty and sentenced to

concurrent 10-year terms of imprisonment. Exh. D. Petitioner did not appeal.

Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P.

3.850. Following an evidentiary hearing, the trial court denied the motion. Exh. D.

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

The First DCA affirmed *per curiam* without opinion.  Exh. G; *Rodak v. State*, 94 So. 3d

588 (Fla. 1st DCA July 24, 2012) (table).

Petitioner filed a Motion to Correct Illegal Sentence pursuant to Fla. R. Crim. P.

3.800(a); the trial court summarily denied the motion.  Exh. J.  The First DCA affirmed

*per curiam* without opinion.   Exh. M; *Rodak v. State*, 64 So. 3d 1266 (Fla. 1st DCA May

12, 2011).

The instant Petition, which Respondent concedes is timely, followed.  Petitioner

asserts the following five grounds for relief: (1) the trial court imposed a defective

"general sentence"; (2) trial counsel rendered ineffective assistance by failing to request

copies of audio and videotapes of the controlled drug buy prior to Petitioner's plea; (3)

the trial court overlooked counsel's "multiple acts of perjury" in the postconviction

evidentiary hearing in crediting counsel's testimony over Petitioner's; (4) the trial court

erred in failing to appoint postconviction counsel for the evidentiary hearing; and (5) the

trial court assumed an adversarial position in the postconviction evidentiary hearing.

Doc. 1.

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's

application for a writ of habeas corpus based on a claim already adjudicated on the

merits in state court unless that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding."  Under § 2254(e)(1), the petitioner must advance clear and

convincing evidence that the state court's factual determination was "objectively

unreasonable" to rebut the presumption that the determination was correct. *Gill v.*

*Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the

state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id*. at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th

Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id.* at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

## Inneffective Assistance and Guilty Plea

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea of nolo contendre is recognized as the equivalent of a guilty plea in Florida. *See* Fla. R. App. P. 9.140(b)(2).

Because Petitioner's claims raise the issue of counsel's effectiveness, a review

of *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984) is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011). The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

**Discussion**

***Claims (1): Defective Sentence***

Petitioner contends that his sentence was defective because the trial court did not formally adjudicate him guilty and then the court entered a vague and ambiguous "general sentence." Doc. 1. The Respondent contends that Petitioner has failed to present a cognizable federal habeas claim because any defect in the sentence is a matter of state law and not a federal constitutional issue. Respondent points out that Petitioner concedes in the Petition that "[t]his Point does not involve a Federal or

Constitutional issue." *See* Doc. 1. However, in his reply in opposition to the motion to dismiss Petitioner asserts that this claim presents a federal constitutional due process issue. Doc. 12.

In denying Petitioner's postconviction motion to correct sentencing error, the trial court referenced the transcript of the plea colloquy and Petitioner's written plea agreement which provided for a sentence of "10 yrs DOC" with credit for time served. Doc. 9 at 65-83. At the plea and sentencing hearing, Petitioner's counsel outlined his agreement to plead guilty, and the State explained that it was seeking a ten-year total sentence, comprised of a three-year mandatory minimum followed by "7 years of a regular sentence." Following a plea colloquy with Petitioner, the court stated "I'll accept the plea agreement, enter judgment in accordance with that agreement as just outlined by your attorney." *Id*. The state court concluded that the record provided no basis for relief under Fla. R. Crim. P. 3.800. The court found that "[a]lthough the oral pronouncement of the sentence . . . and the written plea agreement . . . could have been more specific, it was clear that the parties intended to sentence the defendant to two (2) concurrent ten (10) year sentences," and that the agreement was clearly reflected in the court's written judgment. The court found that the oral pronouncement and written judgment were consistent, and therefore the written judgment would be given effect. *Id*. at 65.

Although Petitioner conclusionally alleges that asserted defects in his plea and sentencing present a federal due process issue, the gravamen of his claim is that the trial court erred under state laws and criminal procedural rules by not formally adjudicating his guilt before pronouncing an unclear sentence. *See* Doc. 12 at 18. "It is

not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). A habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120-21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990).

The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508. Despite Petitioner's conclusional assertion that his sentence violated federal constitutional due process, Petitioner's claim is a state law claim challenging the application of state sentencing laws, and therefore the claim is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Engle*, 456 U.S. at 120-21; *Branan*, 861 F.2d at 1508 ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). Petitioner's claim is not cognizable on federal habeas corpus review because he makes no showing of a federal constitutional violation. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle,* 502 U.S. at 67 ("[I]t is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions.").

This Court has consistently rejected similar habeas corpus claims. *See*, *e.g.,* *Coley v. McNeil*, 2009 WL 563891 at *2 (N.D. Fla., March 2, 2009). In *Coley*, the petitioner contended that he was erroneously sentenced as a habitual offender, and because of the error, he was denied due process and equal protection. *Id.* This Court concluded that the petitioner was attempting to "couch" his state sentencing claim as one of constitutional error, and found that the petitioner had only presented a state law claim. *Id.* Thus, the petitioner's sentencing claim was not cognizable on federal habeas review. *Id.*; *see also Branan*, 861 F.2d at 1508*; Estelle*, 502 U.S. at 71-72; *Carrizales*, 699 F.2d at 1055; *Jones v. Sec'y Dep't of Corr.*, 2006 WL 2724892 at *3 (M.D. Fla., Sept. 22, 2006) (finding that, because petitioner's claim challenging designation as a habitual offender was a matter of state law, his sentencing claim was not cognizable on federal habeas review).

Even if Petitioner's sentencing claim was cognizable on federal habeas review, the record does not support Petitioner's claim for relief. The state court found that Petitioner pleaded guilty voluntarily with the understanding that he would receive 10-year concurrent sentences, and the written judgment gave effect to Petitioner's plea agreement. Petitioner points to nothing in the record that refutes this conclusion. Because Petitioner's sentencing claim is not cognizable on federal habeas review, it is due to be dismissed.

### *Claim (2): Counsel's failure to obtain audio and videotapes*

Plaintiff contends that his trial counsel rendered ineffective assistance by failing to obtain audio and videotapes of the controlled drug buy for which he was prosecuted. Doc. 1.

At the evidentiary hearing, Petitioner questioned counsel on this point. His trial attorney testified that she discussed the tapes with Petitioner, but made Petitioner aware of the State's policy of not making plea offers in cases in which such videos were requested. Counsel testified that Petitioner made it clear that he wanted a plea offer for various reasons, including protecting the identity of a woman on the tapes, and that Petitioner made a decision to forgo obtaining the videos in order to try to negotiate a plea offer with the State. Counsel testified that she advised Petitioner that a plea offer was in his best interests, as opposed to a straight-up plea that would have exposed him to a mandatory minimum sentence that was greater than the State's 10-year offer. Counsel testified that she discussed available defenses with Petitioner, including grounds for a motion to dismiss and an entrapment defense. She testified that the decision as to whether to request the videotapes was up to Petitioner, and Petitioner stated that he did not want to run the risk of not getting a plea offer from the State. Exh. D.

Petitioner testified that counsel told him she had seen the videotape and listened to the audiotape, and claimed to have the tapes. Petitioner testified that counsel told him he could not win on an entrapment theory, but Petitioner claimed that the tapes would have shown that he only sold the drugs after the confidential informant begged him to. Petitioner admitted on cross-examination that he wanted to plead, but also

claimed that he told his counsel he wanted to go to trial but that she insisted he plead guilty in order to avoid a 25-year sentence.  *Id*.

In rejecting this claim on postconviction review, the state court specifically credited counsel's testimony that Petitioner wanted to pursue a plea strategy in his case.  The court found that counsel was not ineffective for not filing to file a motion to dismiss, which would in any event have been a "futile exercise."  The court found that counsel discussed an entrapment defense with Petitioner, but he was not interested in pursuing the defense.  The court observed that Petitioner's case involved a controlled buy with a law enforcement officer present who positively identified Petitioner, and that the case against Petitioner was "pretty overwhelming," which entered into Petitioner's decision to plead guilty.  Exh. D.

The state court's findings as to witness credibility are presumptively correct.  *See Brown v. Head*, 272 F.3d 1308, 1314 (11th Cir. 2001).  Here, the state court credited counsel's testimony that she discussed defense options with Petitioner, including obtaining the tapes for a possible entrapment defense, and Petitioner wanted to pursue a plea which would preclude obtaining the tapes.  On this record, Petitioner has failed to show that the state court's rejection of this claim on either the performance and prejudice prongs of *Strickland* was unreasonable.

### Claims (3), (4), & (5): Defects in postconviction proceedings

Petitioner's third, fourth, and fifth claims all stem from the postconviction proceedings in his case.  Petitioner contends that the state court overlooked "perjury" by his trial counsel at the evidentiary hearing, failed to appoint him counsel for the evidentiary hearing, and assumed an adversarial position at the hearing.  Doc. 1.

Respondent contends that these claims are due to be dismissed because they are not cognizable on federal habeas corpus review.  Doc. 9.

Under 28 U.S.C. § 2254, a petitioner can file a federal habeas challenge to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). The Supreme Court has commented that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).  Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir.2009) (collecting cases).  "There is a valid reason behind this principle: 'a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - *i.e.*, the conviction itself - and thus habeas relief is not an appropriate remedy.' *Alston v. Dept. of Corr.*, 610 F.3d 1318, 1325 -1326 (11th Cir. 2010) (quoting *Carroll*, 574 F.3d at 1365).  Collateral criminal proceedings in Florida are a state-created right, and a challenge to those proceedings concerns matters of state law that do not provide a basis for federal habeas relief.  *Alston*, 610 F.3d at 1326.

In view of this authority, it is clear that Petitioner's third, fourth, and fifth claims concern state collateral proceedings and not a direct attack on the validity of the fact or length of his confinement.  These claims are therefore due to be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 9, be **GRANTED** and that claims (1), (3), (4), and (5) be **DISMISSED**;

2. That the Petition be **DENIED** on the merits as to claim (2); and

3. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 6th day of August 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.